IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION



| | | |
|---|---|---|
| SALVADOR PINON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. EP-12-CV-66-MAT |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION[1], | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is AFFIRMED.

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

1

## I. PROCEDURAL HISTORY

On February 27, 2008, Plaintiff protectively filed an application for SSI in which he alleged disability beginning September 1, 2002, due to back problems, swollen legs and knees, and a right shoulder injury. (R. 19, 180-182, 198).[2] After his application was denied initially on August 8, 2008, and upon reconsideration on October 10, 2008, Plaintiff requested a hearing. (R. 62-73). On July 27, 2010, he appeared with his attorney for a video teleconference hearing before an administrative law judge ("ALJ"). (R. 32-59). Plaintiff testified partly in English and partly with the aid of a Spanish language interpreter. (R. 35, 37, 39, 40, 45, 52, 53, 54). The ALJ called a vocational expert to testify. (R. 35, 55-58). On September 8, 2010, the ALJ issued a written decision denying benefits on the ground that Plaintiff, who can no longer perform his past relevant work, is able to perform other work. (R. 19-27). On November 23, 2011, the Appeals Council affirmed the ALJ's decision to deny benefits, thereby making it the final decision of the Commissioner. (R. 6-8).

On February 25, 2012, Plaintiff submitted his complaint along with a motion to proceed *in forma pauperis*. (ECF No. 1).[3] On February 29, 2012, Plaintiff's motion to proceed *in forma pauperis* was granted, and his complaint was filed. (ECF Nos. 4 & 5). On May 4, 2012, the Commissioner filed an answer and a certified copy of the transcript of the administrative proceedings. (ECF Nos. 13 & 15). Both parties having consented, this case was reassigned to the docket of Magistrate Judge Mesa on May 9, 2012. (ECF No. 16).  On July 16, 2012, Plaintiff filed

---

[2] Reference to the record of administrative proceedings is designated by (R.[page number(s)].

[3] Reference to documents filed in this case is designated by (ECF No(s). [document entry number(s)].

his brief in support of reversing and remanding the Commissioner's decision. (ECF No. 19). On August 15, 2012, the Commissioner filed a brief in support of the decision to deny benefits. (ECF No. 20). On January 2, 2013, this case was transferred to the docket of the undersigned. (ECF No. 21).

## II. BACKGROUND

Plaintiff was born on February 11, 1967, making him 43 years old at the time of the ALJ's decision. (R. 25, 27, 180). He has an eighth grade education and is able to communicate in English. (R. 25, 197, 202). He has past relevant work experience as a janitor and a laborer. (R. 57). He injured his back while working for the City of El Paso, Texas in 1996. (R. 37, 45). He last worked in 2009 for less than a full day as a construction laborer; he was unable to continue on that job because he blacked out and fell from the second story, fracturing his right shoulder. (R. 35, 38, 46, 51, 54). Plaintiff testified he is unable to work due to back pain that radiates to his legs, dizziness, loss of balance, loss of leg strength, problems with moving his right arm and reaching overhead, (R. 38-39, 47, 48, 51-52).

## II. ISSUE PRESENTED

Plaintiff contends the ALJ erred in finding that his impairment did not meet or equal the requirements of Listing 1.04A which describes disorders of the spine.

## IV. DISCUSSION

### A. Standard of Review

This Court's review of the Commissioner's final decision to deny benefits is limited to a determination of whether it is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied in evaluating the evidence. *Myers v. Apfel*, 238 F.3d

617, 619 (5th Cir. 2001) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In determining whether there is substantial evidence to support the findings of the Commissioner, the court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). The court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). If the Commissioner applied the proper legal standards and her findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

B. Evaluation Process and Burden of Proof

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step sequential process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a medically determinable physical or mental impairment(s) that is severe; (3) whether the claimant's impairment(s) meet or

4

equal the severity of an impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment(s) prevents the claimant from performing past relevant work; and, (5) whether the impairment(s) prevents the claimant from doing any other work. 20 C.F.R. § 416.920. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the analysis. *Greenspan*, 38 F.3d at 236.

The claimant bears the burden of proof on the first four steps of the sequential analysis. *Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts or by use of administrative guidelines in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Id.*

C. The ALJ's Decision

In her written decision, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since February 27, 2008, the application date. (R. 21). At step two, the ALJ determined Plaintiff has severe impairments consisting of hepatitis, right rotator cuff syndrome, and chronic low back pain, status-post remote back surgery. *Id.* At step three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Before reaching step four, the ALJ assessed Plaintiff's RFC and found he is able to perform

light work[4] with the following limitations: he can alternate between sitting and standing every 30 minutes; he can occasionally climb and stoop; he can never kneel, crawl, crouch; and, he can never balance. Additionally, he can only occasionally reach overhead with his right arm; and he must avoid exposure to hazardous conditions including unprotected heights and dangerous machinery. (R. 21). In making this finding, the ALJ determined Plaintiff's allegations regarding the intensity, persistence, and limiting effects of his symptoms were not credible to the extent that they are inconsistent with the ALJ's RFC assessment. (R. 23).

Based on the testimony of the vocational expert (VE), the ALJ found at step four, that Plaintiff is unable to perform his past relevant work. (R. 25). The ALJ then proceeded to step five of the sequential analysis where she found, based on the VE's testimony, that Plaintiff retained the RFC to perform other work, including hand folder and quality control inspector. (R. 26). Accordingly, the ALJ determined at step five that Plaintiff was not disabled. *Id.*

D. Analysis of Plaintiff's Claim

At the third step of the sequential evaluation, the ALJ determines whether the medical evidence meets or equals the criteria of a listed impairment in Appendix 1 of the regulations. 20 C.F.R. § 416.920(d). The Listing of Impairments in Appendix 1 describes conditions and impairments that are sufficiently severe to prevent an individual from engaging in *any* gainful activity, not just "substantial gainful activity," regardless of age, education or work experience. 20 C.F.R. § 416.925(a); *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). Thus, Plaintiff is automatically

---

[4] Light work is defined in the regulations as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category if it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 416.967(b).

entitled to benefits if his impairment meets or equals the criteria of one of the listed impairments in Appendix 1 to Subpart P of Part 404. 20 C.F.R. § 416.920(d). Because the Listings were designed to operate as a presumption of disability that makes further inquiry unnecessary, the medical criteria of the Listings are more restrictive than the statutory disability standard. *Sullivan*, 493 U.S. at 532.

The burden of proof rests with Plaintiff to provide and identify medical signs and laboratory findings that support all criteria of a listed impairment. *Sullivan*, 493 U.S. at 530; *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). The listings criteria are "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). A mere diagnosis of a condition will not suffice. "For a claimant to show that his impairment matches a listing, it must meet all of the specified criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan*, 493 U.S. at 530.

To meet or equal the requirements of Listing 1.04A, the disorder of the spine, (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), must result in compromise of a nerve root (including the cauda equina) or the spinal cord, with: (1) evidence of nerve root compression characterized by neuro-anatomic distribution of pain; (2) limitation of motion of the spine; (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss; and, if there is involvement of the lower back, (4) positive straight-leg raising test (sitting and supine). 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.04A; *Robinson v. Barnhart*, 2005 WL 2148931 at *5 (W.D. Tex. Aug. 29, 2005). Additionally, "[f]or any disability determination to be made, even under the Listings, the disabling condition must be found to last, or be expected to last, for a continuous period of not less than 12 months." *Edwards v. Colvin*, 2014 WL 3797366, at *6 (S.D. Tex. Jul. 30, 2014).

Plaintiff points to several pieces of evidence to show that he meets or medically equals all the requirements of Listing 1.04A because he suffers from a back impairment that: (1) results in nerve root compression characterized by neuro-anatomic distribution of pain; (2) limitation of motion of the spine; (3) motor and sensory loss; and, (4) a positive straight-leg raising test. As the Commissioner points out, however, the cited evidence does not show Plaintiff met the Listing criteria for the regulatory 12-month durational requirement. *See* 20 C.F.R. §§ 416.925(c)(3), 416.909. Further, the cited evidence does not show Plaintiff had a positive straight leg-raising test in **both sitting and supine positions** as required by 20 C.F.R. Pt. 404, Subpt. P, App, 1, Listing 1.04A.

The evidence in this case does not show that Plaintiff met all the requirements of Listing 1.04A for the required 12-month period.[5] The two records cited by Plaintiff to show he meets the criterion of "limitation of motion of the spine" are dated March 19, 2008,[6] and July 21, 2008,[7] a period of about four months. Accordingly, Plaintiff has not demonstrated he met the criterion of limitation of motion of his spine for a 12-month period.

To show he meets the criterion of "motor loss (atrophy with associated muscle weakness or

---

[5] The Commissioner does not challenge the evidence on which Plaintiff relies to show his back impairment results in nerve root compression. Plaintiff cites to the results from two MRIs of his lumbar spine on June 3, 2004, and May 21, 2010. (ECF No. 19 at 5, citing R. 331, 283-284).

[6] At the consultative examination ("CE") by Dr. Mauricio Jimenez on March 19, 2008, (R. 238-239), Plaintiff's forward flexion of the spine was 50 degrees. (R. 239).

[7] At the CE by Dr. Enrique Porras on July 21, 2008, (R. 252-255), the range of motion of Plaintiff's lumbar spine was 40 degrees on flexion and 20 degrees on extension. (R. 254).

muscle weakness)", Plaintiff cites to two examinations that took place on March 7, 2010[8] and July 8, 2010.[9] (R. 292, 321). Again, the cited evidence fails to show Plaintiff met the criterion for a 12-month period. Additionally, as noted by the Commissioner, other evidence from the same time period shows normal observations with respect to this criterion. On April 30, 2010, Dr. Azcarate noted normal gait, normal DTRs bilaterally, and full bilateral motor strength. (R. 316). On May 13, 2010, Dr. Azcarate again noted normal strength, normal DTRs and normal sensation to light touch. (R. 314). On June 10, 2010, Dr. Azcarate observed Plaintiff's sensation, strength, and DTRs were normal. (R. 312).

If the lumbar spine is involved, Listing 1.04A also requires "positive straight-leg raising test (both sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 1.04A. Although Plaintiff cites to evidence of positive straight leg raises on the right on May 17, 2010, May 28, 2010, and July 8, 2010,[10] the evidence does not show the tests were administered in both the sitting and supine positions as required to meet Listing 1.04A. Thus, Plaintiff has not shown evidence of positive straight-leg raising tests, both sitting and supine, for the requisite 12-month period. *Edwards*, 2014 WL 3797366, at *6 ("[A] claimant must meet all the requirements of Listing 1.04A for the

---

[8] Notes from Plaintiff's visit on March 7, 2010, show weakness on tiptoe walking, decreased deep tendon reflexes (DTRs), decreased sensation to touch, and decreased strength. (R. 321).

[9] Notes from Plaintiff's evaluation on July 8, 2010, show motor and sensory findings within normal limits except some decreased sensation to light touch along Plaintiff's L5 nerve root distribution to the right lower extremity. (R. 292). Some weakness to dorsiflexion of right foot was noted. *Id.*

[10] Dr. Diaz-Pagan observed a positive straight leg raise on the right on May 17, 2010 and and May 28, 2010. (R. 279, 281). On July 8, 2010, Dr. Smith noted a positive straight-leg raise on right which reproduced L5 radiculopathy down Plaintiff's right leg. (R. 292).

longitudinal record, including a positive straight leg test in both the sitting and supine position."). Accordingly, Plaintiff has not shown this criterion was met.

Notably, Plaintiff's counsel did not argue at the administrative hearing that the objective medical evidence showed Plaintiff met the criteria of Listing 1.04A. It is the Plaintiff who bears the burden to show he meets a Listing. *Selders*, 914 F.2d at 619. While Plaintiff manifested *some* of the criteria of Listing 1.04A at various times since his injury in 1996, Plaintiff has failed to provide and identify medical signs and laboratory findings that his back impairment met *all* the Listing criteria for the 12 month duration period. Accordingly, he has not carried his burden to show his back impairment was of listing-level severity during the relevant time period. *Id.*; *Sullivan*, 493 U.S. at 530. "If the plaintiff fails to demonstrate the specific medical criteria, the court will find that substantial evidence supports the ALJ's finding that Listings-level impairments are not present." *Johnson v. Astrue*, 2009 WL 536603, at *3 (W.D. La. Feb. 4, 2009), citing *Selders*, 914 F.2d at 620. There is no prejudicial error shown in the ALJ's analysis of Plaintiff's back impairment at step three. As there is substantial evidence to support the ALJ's decision, it must be affirmed. *Spellman*, 1 F.3d at 360.

## CONCLUSION

It is therefore ORDERED that the decision of the Commissioner be, and it is hereby, AFFIRMED.

SIGNED and ENTERED this __24th__ day of March, 2015.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE